UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ,<br><br>    Plaintiff,<br>v.<br><br>CALIFORNIA PACIFIC BANK, et al.,<br><br>    Defendants. | Case No. 13-cv-03792-JD<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**<br><br>Re: Dkt. Nos. 60, 64 |

Before the Court in this ERISA action is plaintiff Secretary of Labor's motion for judgment on the pleadings (Dkt. No. 64) and defendants' motion for leave to file a third-party complaint against the Federal Deposit Insurance Corporation ("FDIC") (Dkt. No. 60). The Court heard oral argument on both motions on the date of this order.

The Court denies the Secretary's motion for judgment on the pleadings for the reasons stated at the hearing. The Court's denial is expressly without prejudice to the Secretary's right to bring a motion for summary judgment on the same grounds relied upon for his motion for judgment on the pleadings.

The Court also denies defendants' motion for leave to file a third-party complaint against the FDIC. The Court finds the request untimely -- this case was filed in August 2013, the fact discovery cut-off is November 2014 and trial is in March 2015. Moreover, the proposed third-party complaint itself shows that defendants already formed a belief when they received the FDIC's "startling" denial letter in October 2011 that "there was no factual basis for the justifications the FDIC gave for refusing to permit the Bank to repurchase its stock . . . ." Dkt. No. 60-4 ¶¶ 19-20. Finally, the proposed third-party complaint appears to have been motivated mainly by discovery problems defendants say they have encountered while trying to obtain

documents from the FDIC. A third-party complaint is not the proper vehicle to address such problems. As stated at the hearing, defendants should promptly tee up any such problems using the mechanism described in the Court's Standing Order for Civil Discovery should they desire the Court's assistance in solving those problems.

The parties are reminded that all case management dates remain in place. There should be no expectation that those dates will be changed absent genuinely extraordinary circumstances.

**IT IS SO ORDERED.**

Dated: August 27, 2014

_____
JAMES DONATO
United States District Judge