UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA PACIFIC BANK, et al.,<br><br>    Defendants. | Case No. 13-cv-03792-JD<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 114 |

In this ERISA enforcement action, the Court issued on July 20, 2015, an order denying defendants' motion for summary judgment, and granting in part and denying in part the Secretary of Labor's cross-motion for summary judgment. Dkt. No. 112. Pending before the Court is defendants' request under Civil Local Rule 7-9 for leave to a file a motion for reconsideration of the summary judgment order. Dkt. No. 114. The Secretary of Labor has filed an opposition to the motion. Dkt. No. 120. Leave is denied.

Civil Local Rule 7-9 -- which defendants expressly invoke, as they must -- sets out three grounds, at least one of which must be satisfied for a successful motion for leave to file a motion for reconsideration. Defendants rely on only one of those grounds: that the Court "failed to consider material facts." Dkt. No. 114 at 2; s*ee* Civil L.R. 7-9(b)(3) (listing as one of three grounds moving party "must specifically show . . . [a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order").

None of defendants' arguments meets that standard. Specifically:

Count One. Contrary to defendants' arguments, the Court clearly considered the entirety of Section 10.4 of the Plan document. *See* Dkt. No. 112 at 4-8. Defendants have not identified a "material fact" that the Court manifestly failed to consider, and instead merely repeat arguments

United States District Court
Northern District of California

that they have already made multiple times, including in the summary judgment briefing, and which the Court has now expressly considered and rejected. Repetition of argument in this manner is strictly prohibited and will be sanctioned should it occur again. *See* Civil L.R. 7-9(c).

Count Two. Defendants again have not identified any material fact the Court failed to consider (much less "manifestly" failed to consider), and instead argue that the Court "applied the wrong standard of review on a motion for summary judgment." Dkt. No. 114 at 3. This does not meet the Civil Local Rule 7-9 standard, and is simply wrong as a point of law. *See generally* Dkt. No. 120 at 5-8 (identifying, correctly, the other relevant evidence that was before the Court for Count Two); *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 n.10 (9th Cir. 2002) (on summary judgment, court "need not draw *all* possible inferences in [non-moving party's] favor, but only all *reasonable* ones.") (emphases in original).

Liability of Trustees (Akila Chen, Kent Chen and William Mo). Defendants' final argument for leave to file for reconsideration is that "[n]o facts were presented by the Department of Labor which warranted the entry of judgment as to the Trustees," further describing the Trustees' apparent belief that they "had no reason to present evidence regarding their compliance with their duties based on the motions pending before the Court." Dkt. No. 114 at 3-4. Yet again, defendants fail to identify a "material fact" that the Court did not consider, and instead admit they presented none that may have defeated summary judgment against these individual trustee defendants. The Secretary's allegations and arguments in this case sufficiently support summary judgment as to those defendants, *see*, *e.g.*, Dkt. No. 120 at 13-14, and defendants' deficiencies in responding to the Secretary's motion do not constitute a reason for reconsideration of the summary judgment order.

Defendants' motion for leave to file a motion for reconsideration pursuant to Local Rule 7-9, Dkt. No.114, is consequently denied in its entirety.

**IT IS SO ORDERED.**

Dated: August 25, 2015

_____
JAMES DONATO
United States District Judge

2