UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS E. PEREZ,
Plaintiff,

v.

CALIFORNIA PACIFIC BANK, et al.,
Defendants.

Case No. 13-cv-03792-JD

**ORDER RE POST-TRIAL BRIEFING**

On April 4, 2016, the Court held a bench trial in this case. As discussed at the conclusion of trial, the Court orders the parties to submit post-trial briefs not to exceed 15 pages by April 20, 2016. The briefs should answer the questions in this order. The parties may address other issues as well, so long as those additional issues have not already been decided by the Court (*i.e.*, the parties may not seek reconsideration in these briefs of any prior order by the Court, including on the issue of defendants' FDIC "impossibility" defense).

The parties' answers to these questions should, to the fullest extent possible, make specific references to any relevant testimony from the trial (with page and line citations to the transcript):

1. On Count 1, why are the insufficient cash or interest distributions to certain plan participants as identified by the Secretary "losses to the Plan" under ERISA § 409(a)? In particular, where there is evidence that some of those plan participants voluntarily accepted a price less than the most-recent appraised value of $12.75 per share, may have forgone any interest, or otherwise did not wish to receive the full purchase price or interest advocated by the Secretary, what legal authority permits or mandates the Court to deem those facial shortfalls as "losses to the Plan"?
    a. If the Court orders those amounts to be paid back the Plan, which has now been terminated, how would that money be distributed? Is it necessary for the Court

to make further orders about how any money to be paid back to the Plan should be distributed?

2. On Count 2, what is the appropriate rate of interest that should be applied to the improperly diverted $81,407.18? Is the rate .66% as advocated by the defense at trial? If so, what is the legal basis for that rate, and how should the Court calculate the amount of interest due assuming that is the applicable rate? Or is the appropriate rate instead the rate put forward by the Secretary?

    a. How will any money paid back to the Plan be distributed and are any further orders necessary in that regard?

3. On Count 3, which defendants should be held liable, to what extent, and why?

**IT IS SO ORDERED.**

Dated: April 5, 2016

JAMES DONATO
United States District Judge